O’Malley, Circuit Judge,
concurring in the result.
I concur in the result the majority reaches — that the Court of Federal Claims judgment dismissing appellant’s claim without prejudice should be affirmed. I do not concur in the legal rationale employed to reach that result, however. I do not think our analysis should be driven by the doctrine of primary jurisdiction.
The claims court did not rely on the doctrine of primary jurisdiction in dismissing appellant’s complaint — it instead concluded that the tribe’s absence from the list of all federally recognized tribes dictated by the Federally Recognized Indian Tribe List Act of 1994 (“List Act”) meant that the Wyandot Nation of Kansas was not eligible for an accounting under the American Indian Trust Fund Management Reform Act (“Reform Act”). Because only the right to an accounting under the Reform Act could restart the otherwise expired statute of limitations, the court concluded that the claims were time barred. In other words, absence from the list means absence of a right to an accounting, which in turn means no timely claim exists. I think the analysis we should employ is that straight-forward. As the majority concludes, “[t]he List Act regulatory scheme exclusively governs federal recognition of Indian tribes.” Maj. Op. at 1398.
It is not just the claims court who avoided resorting to the doctrine of primary jurisdiction; neither party argued for its application and neither briefed the question. While — as the majority points out— the government mentioned it as a possible alternative theory in a one-sentence footnote, in this circuit that is the equivalent of not raising the issue at all. SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006) (noting that an argument is waived if made in only a passing reference with no developed argumentation and that “arguments raised in footnotes are not preserved”).
Indeed, virtually every case upon which the majority relies to support its conclusion that the Wyandot Nation of Kansas’s absence from the list prepared by the Secretary of the Interior pursuant to the List Act is fatal to their claims avoids reference to the doctrine of primary jurisdiction. James v. HHS, 824 F.2d 1132 (D.C. Cir. 1987), and Mackinac Tribe v. Jewell, 829 F.3d 754 (D.C. Cir. 2016), speak in terms of exhaustion, while Western Shoshone Business Council v. Babbitt, 1 F.3d 1052 (10th Cir. 1993), and United Tribe of Shawnee Indians v. United States, 253 F.3d 543 (10th Cir. 2001), rely on concepts of standing and the inability of a tribe who is not on the list to state a claim for relief under the Reform Act. These theories are closer to the mark in my view — particularly those articulated by the Tenth Circuit.
The one tribal case that does discuss the concept of primary jurisdiction is not to the contrary. The Second Circuit relied on the concept of primary jurisdiction in Golden Hill. See Golden Hill Paugussett Tribe of Indians v. Weicker, 39 F.3d 51 (2d Cir. 1994). But: (1) that case did not in *1405 volve the Reform Act, but instead was considering a cause of action under the Nonintercourse Act of 1790; (2) the case was decided before and without the benefit of the 1994 List Act; (3) the court concluded that ⅝ did have jurisdiction to declare the tribe before it eligible for relief under the Nonintercourse Act; (4) the court declined to do so, however, in deference to an already pending action before the Secretary of the Interior seeking such recognition; and (6) the court expressly declined to decide whether the doctrine of primary jurisdiction would require the same result in the absence of an already instituted administrative proceeding. Those facts are materially distinguishable from those before us. We are operating with the benefit and direction of the Reform Act and the List Act. Neither the claims court nor we have authority to give the appellant the relief it seeks because they cannot allege that they have a statutory prerequisite to that relief — inclusion on the list.
I view this case as the equivalent of someone who asserts a claim for patent infringement without first seeking and obtaining a patent from the Patent and Trademark Office (“PTO”). The court would have no authority to recognize a common law right to a patent. It is not that the PTO would have primary jurisdiction to issue a patent, it is the only entity .with any authority to issue a patent. And the right to go to court claiming infringement is predicated on the PTO having first done so. If the party had failed to receive a patent from the PTO before filing its infringement suit, a court considering the action would have to dismiss the action for failure to state a claim because the plaintiff could not demonstrate the underlying property right necessary to allege infringement of that right. Similarly, here, the court cannot provide the requested remedy because the Wyandot Nation of Kansas has not been recognized by the Secretary of the Interior and placed on the Secretary’s list of federally-recognized tribes; the Wyandot Nation of Kansas, therefore, has failed to state a claim on which relief can be granted because it cannot demonstrate that it has met the conditions precedent to pursuing its claim. The statutory right to an accounting is tied to the Secretary of the Interior’s list of federally recognized tribal entities and cannot be authorized for a tribe that is not on that list.
While I agree with the majority that reference to traditional notions of “exhaustion” does not really fit the circumstances here, neither do notions of primary jurisdiction.
I would affirm because the Wyandot Nation of Kansas has not asserted a claim upon which relief can be granted by the claims court.